## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. |
| PILGRIM'S PRIDE CORPORATION, | ) ) ) ) ) ) | **COMPLAINT** |
| Defendant. | ) ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices. As alleged with greater particularity in paragraphs 12 through 22 below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Pilgrim's Pride Corporation ("Defendant" or "Pilgrim's Pride") violated the ADA by failing to provide Charging Party Anthony Burks with a reasonable accommodation of excusing his disability-related absences and granting him leave for those absences and terminating him from his employment on the basis of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference

Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Middle Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Alabama and the City of Guntersville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5), 42 U.S.C. §§12111(5), and 101(7) of the ADA, 42 U.S.C. §§12111 (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Burks filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On August 1, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 12, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. From approximately December 2015 until February 2016, Defendant engaged in unlawful employment practices at its Guntersville, Alabama facility by failing to provide Burks with a reasonable accommodation of excusing his disability-related absences and granting him leave for those absences and terminating him from his employment on the basis of his disability, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

13. Burks is a qualified individual with a disability who could perform the essential functions of his job with or without an accommodation. He began working at Pilgrim's Pride in or around November 2015 as an hourly poultry processing employee.

14. On or around December 14, 2015, Burks was hospitalized because of a heart condition. He reported off work December 14 through 19, 2015 because of his heart issues and returned to work on December 21, 2015.

15. In January 2016, he became ill again because of his heart condition and had heart surgery. He was absent and reported off work January 14 through 20, 2016.

16. On January 21, 2016, Burks met with Defendant's Human Resources representative and presented her with medical documentation of his heart condition. This documentation included a diagnosis from Burks' physician and stated his physician had instructed him not to return to work until a follow-up doctor visit scheduled for February 3, 2016.

17. At the January 21, 2016 meeting, Defendant's Human Resources representative initially informed Burks she was going to terminate him because he could not return to work immediately, but she called Burks after the meeting, revoked the termination, and informed Burks he would be placed on personal leave until February 4, 2016.

18. At Burks' February 3, 2016 follow-up visit with his physician, Burks was instructed not to return to work for an additional two weeks. On that same date, Burks informed Defendant's Human Resources representative that his doctor was ordering him not to return for two additional weeks. Defendant's Human Resources representative responded that Charging Party had not been placed on leave as he had previously been informed but had been terminated in late January 2016.

19. Defendant terminated Burks rather than accommodating him, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

20. The effect of the practices complained of in paragraphs 12 through 19 above has been to deprive Burks of equal employment opportunities and has otherwise adversely affected his status as an employee because of his disability.

4

21.     The unlawful employment practices complained of in paragraphs 12 through 19 above were intentional.

22.     The unlawful employment practices complained of in paragraphs 12 through 19 above were done with malice or with reckless indifference to the federally protected rights of Burks.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability, including the denial of reasonable accommodations to qualified individuals with disabilities.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its attendance policy to state that Defendant must make exceptions to the policy when required by the ADA as a reasonable accommodation for employees with disabilities; (ii) publicize that amendment to all present and future employees; and (iii) adhere to the amendment.

C.      Order Defendant to make Burks whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D. Order Defendant to make Burks whole by providing appropriate compensation for the past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 19 above, including but not limited to relocation expenses, job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E. Order Defendant to make Burks whole by providing appropriate compensation for the past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 19 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Burks punitive damages for its malicious and reckless conduct described in paragraphs 12 through 19 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

_____
MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041